## WEBER v. MANN.
### No. 1104.

Court of Civil Appeals of Texas. Waco.
Oct. 1, 1931.

J. N. Townsend and John W. Pope, both of Dallas, for appellant.

Coker, Wilson, Rhea & Neel, of Dallas, for appellee.

### BARCUS, J.

Appellee and his wife owned and occupied a nice residence at the intersection of Avondale and Preston road in the business district of the city of Dallas. There are several different kinds of business conducted near appellee's home, and from the testimony it seems to be what might be termed a "community center."

In 1929 appellant, over the objection of appellee, erected a root beer stand on the lot directly across the street in front of appellee's home. Appellee alleged that appellant maintained, on the 20x24 feet space of land in front of the beer stand, many lights, some large and glaring, which reflected into his home, and that appellant maintained at all hours of the day and night a radio and employed a number of girls to wait on the customers, who made so much noise that same became unbearable and that the automobiles going in and out for people to be served at the beer stand made a great deal of noise and gave out obnoxious odors, and that each of said matters was a nuisance. Appellee asked that appellant be permanently restrained from operating the root beer stand, and asked for damages which he and his wife claimed to have suffered by having their health impaired by reason of the depreciation in value and use of his home.

In addition to the lights maintained by appellant on the ground in front of the root beer stand, he constructed a gas Neon sign across the sidewalk on the city's property in front of the stand, which gave a bright red light.

In answer to special issues, the jury found that there were obnoxious odors or gases emanating from the beer garden; that dust emanated therefrom, but that neither of same constituted a nuisance. The jury further found that the lights from the beer garden shined into appellee's home; that the light from the Neon sign shined into his home, that appellant permitted his radio to be operated in a loud and vociferous tone; and that each of said acts constituted a nuisance. The jury further found that appellee had

not been materially injured in the use and enjoyment of his home, and that the health of appellee or his wife had not been materially impaired by appellant in the manner in which he had constructed and was operating his beer garden.

The trial court entered judgment perpetually enjoining appellant from using a radio and from using the gas Neon sign and from using the lights that he was then using in his beer garden, but permitted him to have lights in the beer garden provided he used colored or shaded globes of a lesser candle power than is produced by a 25-kilowatt globe and that would not reflect light into appellee's home.

■ Appellant complains of the action of the trial court in submitting the issue to the jury as to whether the gas Neon sign was a nuisance, and entering a judgment prohibiting his using same, because said issue was not supported by the pleadings. We sustain this proposition. There is no suggestion in appellee's pleading that appellant was maintaining or had erected the gas Neon sign, or that same in any way constituted a nuisance. The only complaint appellee made relative to the lights was in subdivision (a), paragraph 1, of his petition, in which he alleged that appellant had maintained on the ground around the beer stand, being 20x24 feet in dimension, many lights, some of which were large and glaring. The gas Neon sign was admittedly not on appellant's property, but had been erected by him on the city's property over the sidewalk.

■ Appellant further complains at the action of the trial court in absolutely prohibiting his operating a radio. We sustain this contention. Clearly, a radio is not a nuisance per se. The record shows that practically every residence and each of the other places of business surrounding appellant's root beer stand is equipped with or has a radio. We do not hold that a radio cannot be so operated that it would not become a nuisance or that a court could not require a party to so operate his radio that it would not be a nuisance. The fact, however, that the radio was being operated as a nuisance, would not authorize the trial court to absolutely prohibit its use.

■ The trial court defined a "nuisance" to mean "anything that works or causes material injury, damage, hurt, inconvenience or discomfort to one in the legitimate employment of his reasonable rights of person or property." Under this definition, the jury found that the operation of the radio, the Neon sign, and the lighting system each constituted a nuisance, and then held, in answer to other issues, that appellee had not been materially injured. Appellant contends that said findings of the jury are in conflict. We sustain this contention. In answer to three of the issues, the jury in effect held that appellee had been materially injured by reason of the nuisances maintained and operated by appellant and then in two other separate issues found that appellee was not materially injured.

■ Appellant further contends that that portion of the judgment of the trial court which defines the kind and candle power of electric lights he may use on the property in front of his root beer stand is confusing, contradictory, and wholly incapable of being understood. We sustain this contention. Said portion of the judgment permanently restrained appellant from using the lights now installed, but permitted him to install lights of a lesser candle power than is produced by a 25-kilowatt globe, provided the globes were colored or shaded so as not to reflect brightly in and upon appellee's home. A 25-kilowatt globe is equal to 25,000 watts, and the evidence shows appellant had a hundred or more lights over a space of ground 20x24 feet. If each light was a 25-kilowatt globe, it would make a most dazzling light. We do not know what was intended by the court. The matter was called to his attention in appellant's motion for rehearing and the court refused to amend same. Counsel for appellee suggests that the trial court evidently intended to mean a 25-watt globe rather than 25-kilowatt globes. There is nothing in the record to show the size of the lights now being used by appellant on said ground, or what candle power would be sufficient to light the ground or sufficiently dim to prevent same from shining on or into appellee's home.

For the errors indicated, the judgment of the trial court is reversed, and the cause remanded.